```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

SARAH PRICE,                        )
                                    )
          Plaintiff,                )
                                    )
                                    )  Case No. CIV-21-099-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
          Defendant.                )
```

## OPINION AND ORDER

Plaintiff Sarah Price (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 42 years old at the time of the ALJ's decision. She completed a GED and previously worked as a sandwich maker. Claimant alleges an inability to work beginning on May 31, 2018, due to limitations resulting from muscular dystrophy, degenerative disc disease of the lower lumbar spine, gunshot wound to the back of the head, left shoulder AC joint separation, type II diabetes, high blood pressure and cholesterol, gum disease, cirrhosis of the liver, irritable bowel syndrome, restless leg syndrome, ulcers, major depressive disorder, and post-traumatic stress disorder.

### Procedural History

On November 18, 2018, Claimant filed an application for supplemental security income benefits pursuant to Title XVI (42

U.S.C. § 1381, *et seq*.) of the Social Security Act. Her application was denied initially and upon reconsideration. On April 17, 2020, ALJ B.D. Crutchfield conducted an administrative hearing by telephone from Tulsa, Oklahoma. On May 4, 2020, ALJ Crutchfield entered an unfavorable decision. Claimant requested review by the Appeals Council, and on September 1, 2020, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with additional limitations.

## Errors Alleged for Review

Claimant asserts the ALJ failed to conduct a proper RFC assessment when determining if her need for a cane was medically necessary.

## RFC Assessment

In her decision, the ALJ found Claimant suffered from severe impairments of diabetes mellitus type II, chronic liver disease, history of Charcot-Marie Tooth disease, left shoulder AC joint separation, depression, post-traumatic stress disorder, and status

4

post pacemaker implantation and subsequent removal and replacement. (Tr. 41). She determined Claimant could perform sedentary work, except Claimant could lift and/or carry five to ten pounds occasionally, sit for six hours out of eight hours with normal work breaks, and stand and/or walk for two hours out of eight hours with normal breaks. Claimant should not climb ladders, ropes, or scaffolds, but she could occasionally climb stairs or ramps. She was to avoid hazards including unprotected heights and moving machinery. Claimant could occasionally overhead reach on the left, and she could perform simple, routine tasks with occasional public contact. (Tr. 44).

After consultation with the VE, the ALJ determined Claimant could perform the representative jobs of document preparer, touch-up screener, and polisher, all of which she found existed in sufficient numbers in the national economy. As a result, the ALJ concluded Claimant was not under a disability since November 8, 2018, the date the application was filed. (Tr. 55).

Claimant's sole argument is that the ALJ failed to conduct a proper analysis of whether her use of a cane was medically necessary. She contends that the ALJ failed to consider evidence which showed she had gait abnormalities when determining whether Claimant needed to use a cane and whether the evidence warranted the need for a cane to be included in the RFC assessment. Claimant testified at the administrative hearing in April of 2020 that she

5

had used a cane "on and off" for the past few years because of her neuropathy and because of problems with her right ankle. She asked her primary care provider for a prescription for a cane, and she gave Claimant one. (Tr. 98-100).

Although a prescription for an assistive device is not required in order for a hand-held assistive device to be "medically relevant to the calculation of [the] RFC[,] . . . more than generalized evidence of a condition that might require use of a cane" is required. *Staples v. Astrue*, 329 Fed. Appx. 189, 191, 193 (10th Cir. 2009). When determining whether "a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

In the decision, the ALJ discussed Claimant's many examinations from her primary care provider wherein her gait was described as normal, her motor examination revealed normal tone, bulk, and strength, and/or she ambulated without difficulty. (Tr. 47-51, 1069, 1079, 1086, 1122, 1133, 1285, 1290, 1294, 1302, 1308, 1312, 1317, 1335, 1341, 1352). She also discussed evidence from the same time period from Claimant's other treatment providers

6

wherein Claimant's gait was described as "antalgic" or "abnormal." (Tr. 47-51, 1062, 1094, 1100, 1108, 1116, 1358, 1364, 1368, 1372, 1377, 1382, 1389, 1395, 1401, 1405, 1409). Other examinations included recommendations to Claimant that she engage in thirty minutes to one hour of physical activity daily and/or aerobic exercise for thirty minutes, three times per week. (Tr. 52-53, 1070-71, 1080, 1087, 1124, 1286, 1291, 1295, 1304, 1309, 1313, 1319, 1336, 1342, 1352). These examinations all dated from October of 2018 through March of 2020.

The ALJ specifically discussed Claimant's prescription for a cane in the decision, including an explanation for why she did not include the use of a cane in the RFC assessment:

> Sandi Casey, APRN-CNP, from Northeastern Oklahoma Community Health Centers submitted a prescription for a cane on April 3, 2020. They prescribed the cane to use as needed for ambulation [Tr. 1679]. I am not persuaded with the [C]laimant's cane prescription. First, the [C]laimant testified that she had asked for the cane prescription. Second, the prescription notes only that it was to be used as needed, so the provider did not actually note the frequency of when it was needed or that it was required for ambulation. Finally, it was not supported by or consistent with the medical evidence of record from her examinations from APRN Casey. Her examination on April 3, 2020, did not reflect that there was an examination performed [Tr. 1354-56]. Her prior examination noted [Claimant's] gait was described as normal and motor examination revealed normal tone, bulk, and strength [Tr. 1352].

(Tr. 51).

The ALJ also determined that Claimant's statements concerning the intensity, persistence, and limiting effects of her complaints

7

were not entirely consistent with the medical evidence and other evidence in the record. She noted that none of Claimant's limitations precluded her from performing work within the determined sedentary range of work. She also noted Claimant's reports in January of 2020 that her medication had resulted in her increased functionality without any negative side effects, and this continued in February and March of 2020. The ALJ further noted that Claimant's primary provider had consistently suggested that Claimant engage in daily physical activity. The ALJ concluded that based upon the medical evidence of record, "[the RFC] limits on lifting, walking, standing, sitting and postural limitations would be sufficient." (Tr. 51-53).

The Court finds no error with the ALJ's RFC assessment. She addressed Claimant's use of a cane in the decision and provided an explanation for why she did not include it in the RFC assessment. Even though the record contains evidence that Claimant was prescribed a cane and there is evidence that her gait was antalgic or abnormal on occasion, there is also evidence that Claimant had a normal gait during the same time period. Most importantly, as stated by the ALJ, there is no evidence which establishes that Claimant needs to use a cane all the time, nor is there evidence describing the specific circumstances for Claimant's use of a cane.

The ALJ's decision demonstrates that she did not simply disregard Claimant's cane use when formulating the RFC. The Court

will not re-weigh the evidence or substitute its judgment for that of the ALJ. *See Casias*, 933 F.2d at 800; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 27th day of February, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE